UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOVELL A. WHITFIELD,

    Plaintiff,

v.

CAPT. R. SELZAM, et al.,

    Defendants.

Civ. No. 13-0883 (KM) (MCA)

OPINION

**KEVIN McNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Lovell A. Whitfield, is a state prisoner incarcerated at the Union County Jail in Elizabeth, New Jersey. He has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has also filed an application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

Having granted *in forma pauperis* status, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint states a claim of unlawful arrest and false imprisonment against defendants Franklin and Falligan only. As to all other claims and defendants, the complaint will be dismissed.

1

## II. BACKGROUND

Plaintiff Whitfield brings this civil rights complaint against the following defendants: Capt. R. Selzam, Det. Thomas Collina, Police Officer John Franklin, Police Officer Shawn Falligan, Police Officer C. Kennovin, Police Officer M. Sutton, Police Officer A. Harrison, Police Officer C. Venson, Det. Leslie Hudson and Sgt. Richard Gallagher. He states that on January 17, 2012, he was parked on a street in Plainfield, New Jersey, having a conversation with friends.[1] (*See* Dkt. No. 1 at p. 6.) Whitfield noticed a police car slowly drive by his vehicle and then make a U-turn. (*See id.*) Whitfield then started his vehicle but noticed that the police car was then flashing its lights behind him. (*See id.*) Whitfield stopped his attempt to start his vehicle. (*See id.*) Whitfield was then approached by defendant Franklin and was told not to move his vehicle. (*See id.*) Franklin instructed defendant Falligan to secure Whitfield which would allow Franklin to go back up the street. (*See id.*) Whitfield alleges that his constitutional right to be free of cruel and unusual punishment was violated because he was never asked for any motor vehicle credentials during this stop. (*See id.*)

Defendant Franklin subsequently returned to Whitfield's vehicle and questioned Whitfield as to the contents of his trunk. (*See id.*) Whitfield was then arrested by Franklin and Falligan. (*See id.*) Whitfield claims that he was arrested without probable cause and that he was not read his *Miranda* warnings. (*See id.*)

The complaint next alludes to a burglary indictment against Whitfield. (*See id.* at p. 7 ("The original location whereas 1-17-2012 occurred because every report carries the same incident number #12001511, yet this police record of booking was and has been used to attempt to justify a bogus indictment for a burglary that has no foundation.").) Whitfield asserts that

---

[1] For purposes of screening the complaint, the factual allegations of the complaint are accepted as true.

2

defendants Sutton and Venson knowingly submitted a false police report and that the report contributed to Whitfield's incarceration. (*See id.* at p. 7.) Furthermore, Whitfield also alleges that defendant Hudson falsified police reports that contributed to Whitfield's imprisonment. (*See id.*)

The complaint next states that defendants Gallagher and Selzam are supervisor officers. (*See id.*) As supervisors, Whitfield alleges, they are required to oversee, analyze and approve or disapprove of the actions of their subordinates in the Plainfield Police Division. (*See id.*) The complaint alleges that defendants Gallagher and Selzam "should have read, viewed and gave thoughts of consideration, yet [they] did approve of all of the iniquities thus set forth in [the] complaint." (*Id.*)

The complaint alleges that defendants Franklin and Collina towed Whitfield's vehicle and attempted to get criminal charges brought against Whitfield. (*See id.* at p. 8.) Whitfield claims that the prosecutor told Franklin and Collina that Whitfield should be released. (*See id.*) Whitfield was, he says, forced to answer questions by Plainfield police officers and was threatened with other charges if he failed to answer questions. (*See id.*) The complaint alleges that "Collina state . . . Harrison advise him of that he had enter the building through a window and exited a second floor window . . . adding to a falsification of a police report that contributes to [his] unjustly incarceration." (*Id.*) Collina then purportedly went around the initial prosecutor and found another prosecutor to "carry his illegally gathered evidence and present it to a grand jury." (*Id.*) Collina also placed a warrant out for Whitfield and asked the Somerset County Jail to detain Whitfield for receiving stolen property. (*See id.*) Defendant Kennovin retrieved Whitfield from the Somerset County Jail but allegedly submitted a false police report stating that

he arrested Whitfield at 700 Park Avenue in Plainfield, New Jersey, for receiving stolen property. (*See id.*) Whitfield seeks money damages from the defendants. (*See id.* at p. 9.)

### III. STANDARD OF REVIEW

A. <u>Standards for *Sua Sponte* Dismissal</u>

Plaintiff is proceeding *in forma pauperis* and is a prisoner. The Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to dismiss *sua sponte* any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To escape dismissal for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. *See* 556 U.S. at 678-79; *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege a plaintiff's

4

entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). The Court liberally construes a complaint in favor of a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed.").

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his Constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV. DISCUSSION

A. Franklin and Falligan January 17, 2012 incident

Based on the allegations of the complaint, it appears as if Whitfield first complains about his arrest by Franklin and Falligan during their investigatory stop of Whitfield in his vehicle on

5

January 17, 2012. Whitfield contends that his Constitutional rights under the First and Fourteenth Amendments as well as his right to be free from cruel and unusual punishment were violated during this investigatory stop. Such a claim, however, "is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The court thus liberally construes the complaint as attempting to raise an excessive force claim. Excessive force claims arising in the context of an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard. *See id.* at 395-87. Under this test, officers' actions must be analyzed "in the light of the facts and circumstances confronting them, without regard to their underlying intent or motives." *Id.* at 397. The reasonableness of the force at issue "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. In this case, the complaint is silent as to the force used by defendants Franklin and Falligan during the investigatory stop and arrest. Accordingly, Whitfield fails to state a Fourth Amendment excessive force claim.

Next, Whitfield alleges that he was not given his *Miranda* warnings when he was arrested. The Supreme Court's opinion in *Miranda v. Arizona*, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* at 444. *Miranda* requires that, "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.* Nevertheless, "questioning a plaintiff

in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." *Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003). The complaint does not allege what statements Whitfield made to the police, and does not allege that any such statements were used against him at trial. Accordingly, the complaint does not state a *Miranda* claim.

Whitfield also alleges that, on January 17, 2012, Franklin and Falligan arrested him without probable cause. An arrest without probable cause is actionable under § 1983 as a violation of the rights secured by the Fourth Amendment. *See Adams v. Officer Eric Selhorst*, 449 Fed. Appx. 198, 201 (3d Cir. 2011) (per curiam) (citing *Dowling v. City of Phila.*, 855 F.2d 136 141 (3d Cir. 1988)). In order to state a cognizable Fourth Amendment claim for a false arrest, a plaintiff must allege: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *See Dowling*, 885 F.2d at 141. Moreover, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Williams v. Northfield Police Dep't*, Civ. No. 09-6192, 2010 WL 2802229, at *4 (D.N.J. July 14, 2010) (quoting *Groman v. Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *Palma v. Atlantic County*, 53 F Supp. 2d 743 (D.N.J. 1999)). To prove a false imprisonment claim the plaintiff must show that he was detained as a result of an arrest that was not based on probable cause. *See Groman*, 47 F.3d at 636.

Whitfield contends that defendants Franklin and Falligan arrested and detained him without probable cause in violation of his Constitutional rights. The complaint alleges that both were acting under color of state law as officers of the Plainfield Police Department. The complaint therefore states a Fourth Amendment claim against defendants Franklin and Falligan arising from their allegedly unlawful arrest and false imprisonment of Whitfield.

B. Sutton, Venson & Hudson

The complaint alleges in conclusory fashion that defendants Sutton, Venson, and Hudson falsified police reports. It does not allege the nature of the falsification. Courts have noted that 'the filing of a false police report is not itself a constitutional violation.'" *See Ellis v. Vergara*, Civ. No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec. 15, 2009) (quoting *Jarrett v. Township of Bensalem*, 312 Fed. Appx. 505, 507 (3d Cir. 2009)). Whitfield's conclusory allegations do not state a claim for purposes of § 1983 relief. *See Winston v. Bauer*, Civ. No. 09-224, 2010 WL 3811314, at *3 (W.D Pa. Sept. 21, 2010) (holding that plaintiff failed to allege a basis for a § 1983 claim where plaintiff stated in conclusory fashion with no elaboration that defendant filed a false police report).

As the court must liberally construe the complaint, I will consider whether Whitfield has alleged a malicious prosecution claim against these three defendants. To state a claim for malicious prosecution, a plaintiff must allege that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

The complaint fails to state a malicious prosecution claim against these three defendants. For example, the complaint fails to state what was allegedly false about these three defendants' statements in the reports. Furthermore, the complaint fails to allege that the ensuing criminal proceedings ended in Whitfield's favor. (If the relevant criminal proceedings were those leading to Whitfield's current incarceration, then they self-evidently did not.) Accordingly, even

8

liberally construed, the complaint does not state a malicious prosecution claim against defendants Sutton, Venson and Hudson.

C. Gallagher & Selzam

The complaint adds Gallagher and Selzam as defendants. As to them, it alleges as follows:

> Sgt. Richard Gallagher and Captain R. Selzam are both superior officer as set forth in this complaint. Their job is to oversee, analyze and approve or disapprove the actions, statements, of their subordinates, including but not limited to the orderly running of the Plainfield Police Division. Such superior officer should have known as they affixed their signatures upon record of investigation police report that they should have ready viewed and gave thoughts of consideration, yet the aforementioned superior officers did approve all the iniquities thus set for in this complaint of all the defendants listed in this civil action.

(Compl. at p. 7.) Supervising officials cannot be held liable for the actions of their subordinates unless the litigant asserts facts showing these supervisors' personal involvement in the alleged wrongs. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). The allegations against defendants Gallagher and Selzam as stated above are based under a theory of *respondeat superior* in their capacity as supervisors of the defendants. The complaint does not state a claim for relief under § 1983 against defendants Gallagher and Selzar.

D. Collina, Harrison & Kennovin

It appears that Whitfield intends to assert a malicious prosecution claim against Collina and Harrison. For example, the complaint states that Harrison advised Collina that Whitfield had entered a building through a window and exited through a second floor window, allegations that seemingly made it into a false "police report that contributes to [his] unjustly incarceration." (Compl. at p. 8.) Furthermore, Whitfield alleges that defendant Collina went around the initial

9

prosecutor to find another prosecutor to present the evidence against Whitfield to the Grand Jury. (*See id.*) These allegations fail to state a malicious prosecution claim against Collina and Harrison for a few reasons. First, as previously stated, "the filing of a false police report is not itself a constitutional violation." *See* Ellis, 2009 WL 4891762, at *5; *see also Jarrett*, 312 Fed. Appx. at 507 ("We thus agree with the District Court that the mere existence of an allegedly incorrect police report fails to implicate constitutional rights."). Furthermore, Whitfield fails to allege that the criminal proceedings arising from these actions of defendants Collina and Harrison ended in his favor. *See DiBella*, 407 F.3d at 601 (setting forth elements of malicious prosecution claim).

The complaint alleges that defendant Collina continued to hold Whitfield's vehicle and acted as "security" during the Plainfield Police Department's interrogation of Whitfield. The nature of Whitfield's claim against Collina is unclear. Liberally construing the complaint, the Court may consider that Whitfield intends to assert an unlawful arrest or false imprisonment claim against Collina. The complaint does not allege, however, that Collina was involved in Whitfield's allegedly unlawful arrest. (As noted above, the complaint alleges that defendants Franklin and Falligan arrested Whitfield.) That lack of personal involvement by Collina dooms any unlawful arrest or false imprisonment claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, Whitfield asserts that defendant Kennovin retrieved Whitfield from the Somerset County Jail and transported him to the Plainfield Police Department, but submitted a false police

report stating that he had arrested Whitfield in Plainfield, New Jersey for receiving stolen property. As stated above, "the filing of a false police report is not itself a constitutional violation." *See* Ellis, 2009 WL 4891762, at *5; *see also Jarrett*, 312 Fed. Appx. at 507. To the extent that Whitfield may be attempting to allege a malicious prosecution claim against Kennovin, the claim fails because he does not allege that criminal proceedings ended in his favor.

For all of these reasons, Whitfield fails to state a claim against defendants Collina, Harrison and Kennovin.

## V. CONCLUSION

Whitfield has stated a Fourth Amendment claim against defendants Franklin and Falligan for unlawful arrest and false imprisonment. Only as to these two defendants, and only as to the unlawful arrest and false imprisonment claim, the complaint shall proceed past the *sua sponte* dismissal stage. Whitfield's remaining claims against Franklin and Falligan, as well as all of his claims against all of the other defendants, will be dismissed for failure to state a claim. An appropriate order accompanies this opinion.

Dated: June 14, 2013

_Kevin McNulty_
Kevin McNulty, U.S.D.J.